```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
```
|  |  |
|---|---|
| CHRISTINA HOGUE, | |
| Plaintiff, | |
| -v- | 16-cv-5841 (KBF) |
| ROBERT A. McDONALD, Secretary of the U.S. Department of Veteran Affairs, | MEMORANDUM OPINION & ORDER |
| Defendant. | |

```
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 13, 2017

KATHERINE B. FORREST, District Judge:

Plaintiff commenced this action on July 21, 2016, alleging unlawful discrimination and retaliation by her former employer, the Department of Veterans Affairs ("VA"), under 42 U.S.C. § 2000e et seq. ("Title VII") and 29 U.S.C. § 701 et seq. (ECF No. 1.) On January 4, 2017, defendant moved for summary judgment on the basis that plaintiff's complaint was not filed within 90 days of her receipt of the agency's final action and is therefore statutorily time-barred. (ECF No. 23.)

Plaintiff filed a Response to defendant's Rule 56.1 Statement, (ECF No. 38), but failed to file a memorandum of law in opposition to the motion as required by Local Rule 7.1. This alone is a sufficient basis to grant defendant's motion. See, e.g., Healthfirst, Inc. v. Medco Health Solutions, No. 03-cv-5164, 2006 WL 3711567 at *3 (S.D.N.Y. Dec. 15, 2006). But, in addition, the undisputed facts show that

plaintiff's complaint is untimely, and plaintiff provides no basis for equitable tolling of the statutory filing period. Defendant's motion is therefore GRANTED.

The following facts are undisputed unless otherwise indicated. On October 2, 2014, plaintiff contacted an Equal Employment Opportunity representative to report alleged discrimination against her by a VA employee. (Pl. Response to Def. Rule 56.1 Statement of Undisputed Material Fact ("Pl. 56.1") ¶ 1, ECF No. 38). Plaintiff, through her current counsel, filed a formal complaint of employment discrimination with the VA on November 20, 2014. (Id. ¶ 2.) On March 7, 2016, the VA's Office of Employment Discrimination Complaint Adjudication issued its Final Agency Decision ("FAD"), which stated that plaintiff had the right to file an appeal with the Equal Employment Opportunity Commission ("EEOC") within 30 days and that plaintiff had a right to file a civil action in federal court "within 90 days of the receipt of this final decision if no appeal." (Id. ¶¶ 3, 4.) Plaintiff did not appeal. (Id. ¶ 12.)

The VA sent plaintiff and her current counsel copies of the FAD via certified mail on March 7, 2016, and a signed certified mail receipt addressed to plaintiff's current counsel shows it was received by him on March 11, 2016, at 10:51 a.m. (Id. ¶¶ 5-7.) Plaintiff's copy was returned marked "Unclaimed" by the U.S. Postal Service. (Id. ¶ 8.) On April 20, 2016, a local VA Equal Opportunity Specialist emailed the FAD to plaintiff, who signed an Acknowledgment of Receipt form on April 21, 2016. (Id. ¶¶ 9, 10.) Defendant alleges that plaintiff returned the signed acknowledgment form on April 22, 2016; plaintiff alleges that she returned the form

2

on April 21, 2016.  (Id. ¶ 11.)  Plaintiff alleges that the VA Equal Opportunity Specialist told her that she had 90 days from April 22, 2016, to file her civil action, that she relayed this statement to her attorney, and that she and her attorney relied on this statement in filing her complaint on July 21, 2016.  (Id. ¶¶ 13-19.)

Summary judgment may only be granted if the movant demonstrates, based on admissible evidence in the record, "that there is no genuine dispute at to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The movant bears the burden of "demonstrat[ing] the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Material facts are "facts that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (stating that the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts").  The Court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010).

A plaintiff "may initiate a Title VII court action within 90 days of the notification by the [EEOC] that it is unable or unwilling to settle the dispute between employee and employer." Johnson v. AL Tech Specialties Steel Co., 731 F.2d 143, 144 (2d Cir. 1984); 42 U.S.C. § 2000e-16(c).  This provision, though subject to equitable tolling, is a "condition to the waiver of sovereign immunity and thus

must be strictly construed." Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 94 (1990). A "plaintiff's complaint is time barred [if] she file[s] it more than 90 days after her attorney receive[s] notice from the Equal Employment Opportunity Commission that she ha[s] a right to sue in federal court." Townsend v. Homes for the Homeless, Inc., 28 F. App'x 85, 86 (2d Cir. 2002).

Plaintiff concedes untimeliness—she does not dispute that her counsel received the FAD on March 11, 2016, nor does she dispute that she received the FAD by email on April 20, 2016, and signed an Acknowledgement of Receipt form for the FAD on April 21, 2016. (Pl. 56.1 ¶¶ 6, 10, 11.) Rather, plaintiff states she relied upon an alleged representation by a VA staff member that plaintiff had 90 days from April 21, 2016, to file a civil action, and that plaintiff's attorney in turn relied upon plaintiff's report of this representation despite receiving the FAD over month earlier. (See id. ¶¶ 13-16.) Plaintiff offers no reason why her or her attorney's reliance upon the alleged statement by the VA staff member was reasonable, and in all events her attorney received the FAD on March 11, 2016, which alone is sufficient to start the 90-day filing clock. See Townsend, 28 F. App'x at 86. Plaintiff thus provides no basis for equitable tolling of the statutory filing deadline, and her complaint is time-barred.

Defendant's motion for summary judgment is hereby GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 23 and to terminate this action.

SO ORDERED.

Dated:   New York, New York
         February 13, 2017

                                                  KATHERINE B. FORREST
                                                  United States District Judge